East'n. District.
Feb. 1825.

SEMPLE vs. FLETCHER.

Semple
vs.
Fletcher.

APPEAL from the court of the third district.

PORTER, J. delivered the opinion of the court.

Creditors cannot attack acts of their debtors unless they are injured by them. Hence they must shew that sufficient property does not remain to pay their claims.

The legal mode of shewing the insolvency of an estate, is by a settlement in the probate court.

The petitioner states that he was a creditor of Joseph Fletcher, deceased, in a large sum of money, that since his death he has obtained judgment for it, but has been unable to have this judgment satisfied, in consequence of the succession being insolvent. That the said Joseph Fletcher, during his life, made a donation *inter vivos* to one Elizabeth Fletcher, then living in open concubinage with him. That this donation is void for this and other reasons; he therefore prays that the property so conveyed may be declared part of the succession of his debtor, and that he may have such other relief as his case requires.

To these allegations the defendant answers: That she is the true and lawful proprietor of the property mentioned in the petition, and has been in possession of the same for the space of two years. That the estate of Fletcher is solvent, and that there is certain property in the hands of the executors and heirs, which the plaintiff is bound to discuss. That all the other allegations are false and untrue; and

lastly, that, Joseph Fletcher, at his death, was largely indebted to her for services rendered in the capacity of housekeeper, and to discharge which debt he made the conveyance the plaintiff now seeks to annul.

The judge of the court below decided in favor of the defendant, and the plaintiff appealed.

The appellant has made in this court the following points:

1. That the testimony of Flecker & McRae ought not to have been admitted.

2. That the donation *inter vivos* being made when the donor was *in extremis,* has no greater effect than a donation *mortis causa,* and must be postponed to debts.

3. That as a donation *inter vivos,* it is void for want of transcription according to law.

4. That the donee being a married woman, the donation is void, for want of husband's authorization to accept.

5. That the donor and donee being in adulterous concubinage, he could not donate, or she receive.

6. That the donation is void, as against prior creditors, the estate of donee being insolvent.

7. That the donation is void, being made with a view to defraud creditors.

For the understanding of the first point, it is necessary to state more particularly the act under which the defendant claims. It is a public instrument, by which Joseph Fletcher declares, that he had given, granted, transferred, aliened, and conveyed, to the defendant, the property therein mentioned and that *she accepts the donation.* The parol evidence offered, and admitted on the trial, went to prove that there existed a consideration for this conveyance; that it was a sum which the donor owed the donee, and that the former had made declarations to that effect. This testimony was objected to, on the ground, that tne donation by the terms of the act, being a pure and simple one, no evidence could be received to shew it was one of a different character. We think the objection a good one, and that the judge below erred in overruling it. The proof received went to change the entire character of the act. As written, it was a donation, purely such. With the testimony it became a *donation remuneratoire,* which is nothing more than a *dation en paiement. Pothier traité du vente,* 607. 12 *Martin,* 649.

Nor do we think that the right of the defendant to contradict his own act is in the least

increased by the circumstance of this action being commenced by a person not a party to it. The point has been already made in this court; and the view then taken of the subject, has not been shaken or impaired by the argument in the present case. 12 *Martin*, 404.

The donation therefore stands before us, as one made without any other consideration than that of beneficence, and the right of the parties must be examined in relation to it as such.

The first, second, third, fourth and fifth objections to its validity, are, that it is void by being made *in extremis,* for want of transcription, from defect of legal acceptance, and from the parties being at the time of the grant in adulterous concubinage. Several of these questions are of considerable importance to the community; and there are more than one of them so doubtful, that it is no doubt, desirable they should be settled as soon as possible, by judicial interpretation. But they are not necessary to the decision of this case, and we therefore forbear to touch upon them. The plaintiff, who attacks this conveyance, does not present himself before this court in such a manner as authorises him to raise these questions. Creditors have no right to intermeddle with

East'n. District. the conveyances or contracts of their debtors,
*Feb.* 1825.
unless they are injured by them. Had the
SEMPLE
*vs.*
FLETCHER.
present donor been alive when this suit was in-
stituted, with property sufficient to pay his
debts, the appellant certainly could not have
established any interest in regard to his trans-
actions, which would have enabled him to
maintain his action. It is not seen how the cir-
cumstance of his death has, in any respect, in-
creased this right. Chirograph creditors, who
attack the acts of their debtors, must lay as a
ground of action, and establish it, that these acts
have injured them. They cannot have injured
them, if there be sufficient property left to pay
their claims. Hence the necessity of their
alleging and proving the want of effects to sa-
tisfy the debts due them. Has that been done
here? We think not. The evidence of this
insolvency is furnished, it is said, in the parol
testimony of witnesses who swear that the es-
tate is insolvent—in the declarations of the ex-
ecutors, when suit is instituted on the present
demand; and in a return of the sheriff on the
execution issued against the executors, which
shews that it was unsatisfied, for want of effects
to levy on.

Parol testimony is not the legal mode of

East'n. District.
*Feb.* 1825.

SEMPLE
*vs.*
FLETCHER.

shewing the incapacity of a debtor to pay his debts; and the witnesses introduced here do not even positively swear to it. The parish judge declares, that ever since he came into office, he has *considered* the estate as insolvent—that the executor has deposited his papers in his office, but that no settlement of his accounts has taken place. Scott swears, that he *believes* it insolvent to a large amount. The declaration of the executors, taken in relation to the pleadings in that case, are still less evidence of the insolvency; and if they were express to the fact, which they are not, they are contradicted by the averment in the present plaintiff's petition *that the donor left sufficient property to pay all his debts.* Neither is the return of the sheriff proof of the want of funds to discharge this debt—because the writ itself was illegal, and could not have been levied on the monies in the hands of the executors to be administered.

The incapacity of the estate left by Fletcher to satisfy his creditors, should have been shewn by a settlement before the only tribunal in which it could have been settled, in the court of probates; and that not having been done here,

SEMPLE
*vs.*
FLETCHER.

we are of opinion the present plaintiff cannot maintain this action.

We think, however, that instead of the judgment being final, one of nonsuit should be rendered.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed—and it is further ordered, adjudged and decreed, that there be judgment against the plaintiff, as in case of nonsuit, with costs in the court of the first instance—the appellee paying those of appeal.

*Watts* & *Lobdell* for the plaintiff, *Preston* for the defendant.